998 F.2d 1009
 62 Fair Empl.Prac.Cas. (BNA) 768
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maddelena HERBIG, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant-Appellee.
 No. 92-2185.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1993.
Decided: July 28, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-1652-S)
 Suzanne Levin, Simpson & Ehrlich, P.A., Bethesda, Maryland, for Appellant.
 William C. Sammons, Tydings & Rosenberg, Baltimore, Maryland, for Appellee.
 Gary Howard Simpson, Simpson & Ehrlich, P.A., Bethesda, Maryland, for Appellant.
 J. Hardin Marion, Tydings & Rosenberg, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Maddelena Herbig appeals the district court's order granting International Business Machines Corporation's ("IBM") motion to dismiss her complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court ruled that Herbig did not state claims upon which relief could be granted in her sex, age, and handicapped discrimination complaint. Finding no error, we affirm the district court's decision.
 
 
 2
 * The facts in this case were not developed fully because the court granted IBM's motion to dismiss on the pleadings. The following is a summary of the facts Herbig alleged in her complaint, which we must assume to be true. See Republican Party of North Carolina v. Martin, 980 F.2d 943, 953 (4th Cir. 1992).
 
 
 3
 Maddelena Herbig is a fifty-nine-year-old, white female who worked at IBM in Gaithersburg, Maryland for twenty-three years. She held a management position for which she had received numerous performance awards and commendations. On April 1, 1991, she received her most recent performance review. She excelled in all categories and far exceeded the requirements of her job. The performance review also contained positive comments by people who worked for her.
 
 
 4
 On October 22, 1991, Herbig's supervisor called her into his office to discuss "serious allegations" that had been lodged against her. Three undisclosed employees who worked for Herbig alleged that she discriminated against Jews and blacks, got rid of employees she did not like, disclosed personal information about other employees, and badgered the employees in her department to give her high ratings as a manager in a company opinion survey. Herbig was not given an opportunity to respond immediately, but she subsequently responded by a memorandum in which she denied all charges.
 
 
 5
 Subsequently, Herbig was transferred to a non-managerial position. She did not allege that she received a pay reduction because of the transfer. A young male replaced her in her managerial position. Consequently, there are no longer any women in management positions at the Gaithersburg facility.
 
 
 6
 Herbig filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Herbig exhausted her administrative remedies with the EEOC and received a right to sue letter. Subsequently, she brought this action against IBM. Her complaint alleged that she was the victim of sex discrimination in violation of Title VII, 42 U.S.C. § 2000 et seq.; age discrimination in violation of 29 U.S.C. § 1621; and handicapped discrimination, but she did not state a statutory basis for that claim. Herbig sought reinstatement to her prior management level position and $300,000 in compensatory and punitive damages.
 
 
 7
 IBM moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. In granting the motion, the district court held that Herbig had failed to allege the necessary elements of her claims, which were disparate discipline claims. The court further stated that Herbig essentially abandoned her handicapped discrimination claim, which was inextricably intertwined with her other claims. Herbig appealed the district court's dismissal of her sex and age discrimination claims.
 
 III
 
 8
 Herbig contends that her complaint was sufficient to withstand IBM's motion for judgment on the pleadings. When ruling on a 12(b)(6) motion, the district court must assume that the facts of the plaintiff's complaint are true, and must construe the complaint liberally, giving the plaintiff the benefit of all inferences. Martin, 980 F.2d at 953. In reviewing the appeal, we are bound by the same standards.
 
 
 9
 Id.
 
 
 10
 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that the defendant may move for a judgment based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The plaintiff is entitled to proceed unless the district court is certain beyond a doubt that the plaintiff cannot prove a set of facts in support of her claim which would entitle her to relief. See Martin, 980 F.2d at 952. Herbig's complaint cannot proceed because she fails to allege elements of her claims with specificity. Her claims are properly termed disparate discipline claims; Herbig alleges that, because of gender, the company punished her more severely than it punished others that had engaged in similar conduct. The district court correctly held that Herbig had failed to meet the test for a disparate discipline claim that we put forth in Moore v. City of Charlotte, 754 F.2d 1100 (4th Cir.), cert denied, 472 U.S. 1021 (1985). There we stated:
 
 
 11
 [t]he most important variables in the disciplinary context, and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed. The purpose of the prima facie requirement is therefore served and the requirement met upon a showing (1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person.
 
 
 12
 Id. at 1105. We held in Moore that the plaintiff had failed to prove the prima facie elements of a disparate discipline case and reversed the district court. Id. at 1106.
 
 
 13
 In the instant case, Herbig failed to allege that she had been treated differently than others who also allegedly had engaged in similar conduct. After reviewing the complaint, we observe no allegations which support a claim that she was disciplined differently because of her sex. Moreover, the complaint provided no means of comparing her disciplinary treatment to others so that the court could infer the disparate treatment from the allegations. The complaint completely omitted the second element of the claim which is that others in non-protected classes engaged in similar conduct and received less harsh treatment. Most of Herbig's complaint was spent defending herself against the underlying allegations rather than asserting the necessary allegations of wrongdoing by IBM.
 
 
 14
 Herbig also failed to plead a necessary element of her age discrimination claim. In Proud v. Stone, 945 F.2d 796 (4th Cir. 1991) we adopted a three part test to determine whether a plaintiff was the victim of age discrimination. We stated:
 
 
 15
 Any [Age Discrimination Employment Act] plaintiff must make the elementary showing that he is a member of the protected group and that he has suffered unfavorable employment action taken by an employer covered by the Act. As the additional key requirement, a plaintiff must prove that age was a "determining factor" in the employer's decision to take the adverse action.
 
 
 16
 Id at 797. (citations omitted) (quoting Duke v. Uniroyal, Inc., 928 F.2d 1413, 1417 (4th Cir. 1991)). Herbig's complaint failed to allege the third requirement of an age discrimination claim. She did not assert that age was "a determining factor" in IBM's taking the action of which she complained. Herbig does not allege a sufficient nexus between her age and IBM's supposedly wrongful acts. Herbig only contended that a male younger than she was put in her position. These allegations are insufficient to support the complaint.
 
 III
 
 17
 The district court properly granted the motion to dismiss. Herbig's complaint failed to allege all of the necessary elements of her claims. For the foregoing reasons, the decision of the district court is
 
 
 18
 AFFIRMED.